## Cotroneo v Van Wagner Sign Erectors, LLC

2024 NY Slip Op 30811(U)

March 13, 2024

Supreme Court, New York County

Docket Number: Index No. 162038/2015

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | HON. MARY V. ROSADO | PART | 33M |
| | *Justice* | | |

-----------------------------------------------------------------X

COSMO COTRONEO,

                       Plaintiff,

            - v -

VAN WAGNER SIGN ERECTORS, LLC. N/K/A OUTFRONT
MEDIA SIGN ERECTORS. LLC., VAN WAGNER
ELECTRICAL AND MAINTENANCE, LLC. N/K/A
OUTFRONT MEDIA ELECTRICAL AND MAINTENANCE.
LLC., VAN WAGNER COMMUNICATIONS, LLC. N/K/A
OUTFRONT MEDIA VW COMMUNICATIONS, LLC.,
VORNADO REALTY TRUST. VORNADO OFFICE.
INC..VORNADO SIGN. LLC,ONE PENN PLAZA LLC.,

                       Defendant.

| INDEX NO. | 162038/2015 |
|---|---|
| MOTION DATE | 05/04/2023 |
| MOTION SEQ. NO. | 009 |

**DECISION + ORDER ON
MOTION**

-----------------------------------------------------------------X

CROSS MANAGEMENT CORP.

                       Plaintiff,

            -against-

NEAD ELECTRIC OF NEW JERSEY. INC.

                       Defendant.

Third-Party
Index No. 595393/2016

-----------------------------------------------------------------X

VAN WAGNER SIGN ERECTORS. LLC N/K/A OUTFRONT
MEDIA SIGN ERECTORS, LLC.

                       Plaintiff,

            -against-

NEAD ELECTRIC OF NEW JERSEY, INC.

                       Defendant.

Second Third-Party
Index No. 595504/2019

-----------------------------------------------------------------X

VORNADO REALTY TRUST, VORNADO OFFICE. INC.,
VORNADO SIGN, LLC, ONE PENN PLAZA LLC

                       Plaintiff,

            -against-

Third Third-Party
Index No. 596052/2020

162038/2015  COTRONEO, COSMO vs. OUTFRONT MEDIA SIGN ERECTORS
Motion No. 009

Page 1 of 9



NEAD ELECTRIC, INC. NEAD ELECTRIC OF NEW JERSEY, INC.

Defendant.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 009) 433, 434, 435, 436, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, 468, 469, 470, 471, 472, 473, 474, 475, 476, 477, 478, 479, 480, 481, 482, 483, 484, 485, 486, 487, 488, 489, 490

were read on this motion to/for          <u>JUDGMENT - SUMMARY</u>.

Upon the foregoing documents, Third-Party Defendants/Second Third-Party Defendants/Third Third-Party Defendants Nead Electric, Inc. and Nead Electric, Inc. i/s/h/a Nead Electric of New Jersey, Inc.'s (collectively "Nead") motion for an Order granting Nead summary judgment dismissing the Third-Party (NYSCEF Doc. 444), Second Third-Party (NYSCEF Doc. 445) Third Third-Party (NYSCEF Doc. 446) claims, cross-claims, and counter-claims asserted against it is denied.

## I.    <u>Background</u>

Plaintiff Cosmo Cotroneo ("Plaintiff") commenced this action for alleged injury sustained on or about February 14, 2013[1] while working as an electrician for Nead at a construction project located at 430 Seventh Avenue in Manhattan (the "Premises" or the "Site") owned and managed by Defendants/Third Third-Party Plaintiffs Vornado Realty Trust and One Penn Plaza, LLC (NYSCEF Doc. 466 at ¶ 4).

Defendant/Second Third-Party Plaintiff Outfront Media Sign Erectors, LLC f/k/a Van Wagner Sign Erectors, LLC ("Outfront") was retained by Vornado to perform work to convert a

---

[1] The original Complaint and Bill of Particulars served by Plaintiff alleged that the date of the accident was February 17, 2013. Defendants disputed this date, noting that it was a Sunday (NYSCEF Doc. 397, ¶ 16). By Order dated January 23, 2019, this Court directed Plaintiff to file an Amended Summons and Complaint with the corrected date of the accident (NYSCEF Doc. 177). The date was determined to be February 14, 2013 based on time sheet records of Plaintiff's employer (NYSCEF Doc 377).

162038/2015 COTRONEO, COSMO vs. OUTFRONT MEDIA SIGN ERECTORS       Page 2 of 9
Motion No. 009

2 of 9

vinyl, "static" rooftop sign to a digital advertising sign (NYSCEF Doc. 466 at ¶ 4). Outfront subsequently retained Nead to perform electrical power installation for the sign (*Id.*). Plaintiff and his workers were tasked with "loading tools and equipment into the 'foreman's helper' gang box, which would then serve as a 'boat' to be hoisted by a crane…to the roof" (NYSCEF Doc. 46 at ¶ 7).

Plaintiff alleges that on February 17, 2013, he sustained severe and permanent injuries due to a defective and dangerous gang box (NYSCEF Doc. 440 at ¶ 73). Specifically, Plaintiff alleges that on the sidewalk at or near the Premises, he was struck by the lid of a "foreman's helper" gang box while in the course of his employment with Nead (NYSCEF Doc. 466 at ¶ 10).

Plaintiff commenced the underlying action on November 20, 2015, by filing a Summons and Complaint asserting common law negligence, and violations of Labor Law Sections 200, 240, and 241(6) against Defendants Vornado Realty Trust ("Vornado"), One Penn Plaza, LLC, Outfront, Tom Rectenwald Construction, Inc, North Shore Neon Sign Co., Inc., and Cross Management Corp ("Defendants") (NYSCEF Doc. 440).[2]

Defendant/Third-Party Plaintiff Cross Management Corp. filed a Third-Party Summons and Complaint against Nead dated May 19, 2016 (NYSCEF Doc. 444).[3] Thereafter, Outfront filed a Second Third-Party Summons and Complaint against Nead dated June 12, 2019, asserting causes of action for common law and contractual indemnification, and contribution and breach of contract (NYSCEF Doc. 445). Subsequently, Defendants/Third Third-Party Plaintiffs Vornado Realty Trust, Vornado Office, Inc., Vornado Sign, LLC and One Penn Plaza, LLC (collectively "Third

---

[2] Defendants Tom Rectenwald and North Shore Neon Sign were previously dismissed from this matter via the Decision and Order of the Court, dated January 23, 2019 (NYSCEF Doc. 438).

[3] Defendant/Third-Party Plaintiff Cross Management Corp. was voluntarily discontinued from this matter per stipulation of discontinuance dated May 24, 2019 (NYSCEF Doc. 439) and therefore Cross Management's initial Third-Party Complaint against Nead is rendered moot and is dismissed by operation of law.

**162038/2015  COTRONEO, COSMO vs. OUTFRONT MEDIA SIGN ERECTORS**
**Motion No. 009**

Page 3 of 9

3 of 9

[* 3]

Third-Party Plaintiffs") filed a Third-Party Summons and Verified Third-Party Complaint (NYSCEF Doc. 446) asserting causes of action for contractual indemnity, common law indemnity, contribution and breach of contract against Nead.

On May 4, 2023, Nead brought the instant motion for an Order granting Nead summary judgment dismissing the Third-Party, Second Third-Party and Third Third-Party claims, cross-claims and counter claims asserted against it (NYSCEF Doc. 433). Outfront filed an Affirmation in Opposition to Nead's motion dated July 24, 2023 (NYSCEF Doc. 470). Plaintiff submitted an Affirmation in Opposition to Nead's motion dated July 28, 2023 (NYSCEF Doc. 475). Third Third-Party Plaintiffs submitted an Affirmation in Opposition to Nead's motion on August 11, 2023 (NYSCEF Doc. 488).[4]

## II.    Discussion

### A.  Standard

Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial. (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of

---

[4] While it is noted that Third-Party Plaintiffs submitted their opposition three days before the return date, rather than seven days as required by CPLR Rule 2214(b), the Court, in its discretion, elects to consider Third-Party Plaintiff's opposition.

**162038/2015  COTRONEO, COSMO vs. OUTFRONT MEDIA SIGN ERECTORS**                **Page 4 of 9**
Motion No.  009

law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North Am. v Victory Taxi Mgt., Inc.*, 1 NY3d 381 [2004]).

### B.  Nead's Motion for Summary Judgment

It is well established that Workers' Compensation Law ("WCL") § 11 "prohibits third-party indemnification or contribution claims against employers, except where the employee sustained a 'grave injury,' or the claim is 'based upon a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant or person asserting the cause of action" (*Rodriguez v N&S Bldg. Contrs., Inc.*, 5 NY3d 427, 430 [2005]).

#### i.  No Written Contract Containing a Valid Contractual Indemnity Provision Exists

Nead appeals to WCL § 11 in support of its argument that, as the Plaintiff's employer, all claims against it must be dismissed because no valid and enforceable contractual indemnity provision exists (NYSCEF Doc. 434 at p. 14). At the outset, Outfront argues in opposition that Nead has failed to meet its *prima facie* burden for summary judgment by failing to proffer admissible evidence to support its claim that no contractual agreement including an indemnity provision exists (NYSCEF Doc. 470 at p. 3). Specifically, Outfront contends that Nead has failed to demonstrate, through admissible evidence, that Nead's Proposal for Work (the "Proposal") (NYSCEF Doc. 457) is a full and complete copy of the proposal between the parties (NYSCEF Doc. 470 at ¶ 11).

The Court of Appeals has held that "[w]hether the parties did in fact have such an agreement involves a two-part inquiry. First, we consider whether the parties entered into a written contract containing an indemnity provision applicable to the site or job where the injury giving

162038/2015  COTRONEO, COSMO vs. OUTFRONT MEDIA SIGN ERECTORS
Motion No. 009

Page 5 of 9

[* 5]

rise to the indemnity claim took place. Second, if so, we examine whether the indemnity provision was sufficiently particular to meet the requirements of section 11" (*Rodriguez* at 432).

Here, the deposition testimony of Andrew Holtzer (NYSCEF Doc. 455), the Vice President of Design and Technology for Outfront, established that Mr. Holtzer acknowledged that the Proposal was sent to him in the regular course of business and that when he received the Proposal in the regular course of business, he reviewed it with Eli Zamek, of Vornado, and was told to proceed (NYSCEF Doc. 455, pp. 62: 148; 159)(*Bank of America, Nat. Ass'n v Brannon*, 156 AD3d 1 [1st Dept 2017] [records admissible "if the recipient can establish ... that the records provided by the maker were incorporated into the recipient's own records or routinely relied upon by the recipient in its business"].

Contrary to the assertions of Outfront, Mr. Holtzer's testimony demonstrates personal knowledge of the proposal which is the basis of the contractual relationship between movant and Outfront and which, significantly, contained no indemnity provision. Accordingly, Nead has established *prima facie* that there was no written contract entered into prior to the accident by which it had expressly agreed to contribution or indemnification. Nor have third-party plaintiffs submitted any evidence of a written indemnity agreement between the parties.

As there is no dispute that Nead was not retained pursuant to any formal written contract, all third-party indemnification or contribution claims against Nead are prohibited by WCL §11, except where the employee sustained a "grave injury."

> ii. Material Questions of Fact Remain Regarding Whether Plaintiff Sustained a Grave Injury Pursuant to WCL §11

It is well established that, with respect to WCL §11, it is "the burden of the party seeking summary judgment to show, by competent admissible evidence, that the plaintiff's injuries were not 'grave'" (*Altonen v Toyota Motor Credit Corp.*, 32 AD3d 342, 343 [1st Dept 2006]).

[* 6]

Here, Outfront, Plaintiff and Third Third-Party Plaintiffs argue that Nead failed to demonstrate its entitlement to judgment as a matter of law as there is a triable issue of fact whether Plaintiff's claimed traumatic brain injury constitutes a grave injury under WCL §11. WCL §11 states that grave injury shall mean only one or more of the following:

> [D]eath, permanent and total loss of use or amputation of an arm, leg, hand or foot, loss of multiple fingers, loss of multiple toes, paraplegia or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, loss of an index finger or an **acquired injury to the brain caused by an external physical force resulting in permanent total disability** [emphasis added].

The Court of Appeals has held that "the test we adopt for permanent total disability under section 11 is one of unemployability *in any capacity* (*Rubeis v Aqua Club Inc.*, 3 NY3d 408, 417 [2004]) [*emphasis in original*].

In support of its position that Plaintiff did not suffer a grave injury as a result of the Accident, Nead submitted Plaintiff's workers' compensation records which show that Plaintiff's first post-accident MRI of the brain, taken on June 27, 2014 (over a year after the accident), was normal (NYSCEF Doc. 463). A subsequent MRI of Plaintiff's brain taken on August 21, 2015 states that the results of Plaintiff's MRI were "normal" (NYSCEF Doc. 464). Further, Neurological exams performed by Dr. Amit Khaneja on November 24, 2016, and January 27, 2016 showed Plaintiff's mental status intact (NYSCEF Doc. 463 at p. 12); his motor systems normal (*Id.* at p. 13), and ambulation with a normal gait (*Id*). Dr. Khaneja states in his report that it is his professional opinion that "Mr. Cotroneo is capable of working with restrictions to be placed on no lifting over 15 pounds" (*Id.* at p. 14). Additionally, Nead submitted the Supplemental Report of neuropsychologist David M. Erlanger, Ph.D., ABPP, which stated that "there was no evidence that the reported [February 17, 2023] incident had affected Mr. Cotroneo's ability to perform work

162038/2015  COTRONEO, COSMO vs. OUTFRONT MEDIA SIGN ERECTORS
Motion No. 009

Page 7 of 9

tasks on a full-time basis" (NYSCEF Doc. 459 at p. 20). Nead also provided a report of Rehabilitation Specialist, Joseph Pessalano, who conducted a vocational assessment of Plaintiff on April 20, 2021, and identified essential job functions for several positions appropriate for Plaintiff in the field of electronics engineering with the average salary ranging from $37,860 to $78,730 (NYSCEF Doc. 460).

However, the report of Dr. Richard Schuster (NYSCEF Doc. 418), a vocational psychologist who evaluated Plaintiff on July 9, 2019 concluded that "[a]t this point continued chronic unemployment can be expected. The combination of [Plaintiff's] physical limitations, elderly work status, psychological ramifications, neurobehavioral/"executive" dysfunction, etc. combine to foster such a significant impediment that even functioning in daily life remains negatively impacted" (NYSCEF Doc. 478 at p. 33-34). Further, the Affidavit of neurologist Dr. Allen Perel, who has treated Plaintiff since June 24, 2014, states that Plaintiff is "significantly disabled at present and cannot return to work in any capacity, particularly because of his traumatic brain injury, anxiety, depression and memory loss," and that Plaintiff's symptoms "were caused by the work-related accident and injuries he suffered" (NYSCEF Doc. 478 at pp. 33-34).

In light of the conflicting testimony in the record, the Court finds that questions of material fact remain regarding whether Plaintiff suffered a grave injury as defined by WCL §11. As such, Nead's motion for summary judgment is denied.

Accordingly, it is hereby,

ORDERED that Third-Party Defendants/Second Third-Party Defendants/Third Third-Party Defendants Nead Electric, Inc. and Nead Electric, Inc.'s motion for summary judgment is denied; and it is further

162038/2015  COTRONEO, COSMO vs. OUTFRONT MEDIA SIGN ERECTORS
Motion No. 009

Page 8 of 9

ORDERED that Defendant/Third-Party Plaintiff Cross Management Corp. Third-Party Complaint is dismissed as moot; and it is further

ORDERED that on or before April 16, 2024, the remaining parties are directed to submit a proposed Status Conference Order to the Court via e-mail to SFC-Part33-Clerk@nycourts.gov. If the parties are unable to agree to a proposed Status Conference Order, the parties are directed to appear for an in-person status conference with the Court in Room 442, 60 Centre Street, on April 17, 2024 at 9:30 a.m.; and it is further

ORDERED that within ten (10) days of entry, counsel for Movant shall serve a copy of this Decision and Order with notice of entry upon all parties to this action; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 3/13/2024 | | | | | May V Rosa JSC | |
|-----------|--|--|--|--|----------------|--|
| DATE | | | | | HON. MARY V. ROSADO, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|------------|--|---------------|--|---|----------------------|--|
| | | GRANTED | x DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

162038/2015   COTRONEO, COSMO vs. OUTFRONT MEDIA SIGN ERECTORS
Motion No. 009

Page 9 of 9

9 of 9